IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) Civil Action No. _____ |
| Plaintiff, | ) ) |
| v. | ) ) **COMPLAINT** |
| MAXIM HEALTHCARE SERVICES, INC. | ) ) ) **Jury Trial Demand** |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Anne Whitledge who was adversely affected by such practices. Maxim Healthcare Services, Inc., discriminated against Ms. Whitledge, who was substantially limited in major life activities because of her impairment, cancer, by failing to provide her with reasonable accommodations and by terminating her employment because of her disability, in violation Section 102(a) and 102(b)(5) of the ADA, 42 U.S.C. § 12112(a) and (b)(5).

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which

1

incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## PARTIES

2.  Plaintiff, Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADA, and is expressly authorized to bring this action by Section 706 of Title VII, 42 U.S.C. §§2000e-5, which is incorporated by reference in Section 107 of the Americans with Disabilities Act (ADA), 42 U.S.C. §12117.

3.  At all relevant times, Defendant, Maxim Healthcare Services Inc., has been a Maryland corporation doing business in the State of Minnesota and has continuously had at least fifteen employees.

4.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. §12111(5)(A).

## STATEMENT OF CLAIMS

5.  More than thirty days prior to the institution of this lawsuit, Anne Whitledge filed a charge with the EEOC alleging violations of the ADA by Maxim Healthcare Services, Inc.  All conditions precedent to this suit have been fulfilled.

6.  Maxim Healthcare Services, Inc., has engaged in unlawful practices at its Minneapolis facility, in violation of Sections 102(a) and 102(b)(5), 42 U.S.C. §§12112(a) and (b)(5), of the ADA.

7. Anne Whitledge had an impairment, cancer, which substantially limited her in the major life activity of normal cell growth. Ms. Whitledge was a qualified individual with a disability within the meaning of Title I of the ADA

8. On or about February, 2009, Ms. Whitledge was terminated from her employment as Director of Clinical Services at Maxim Healthcare Services, Inc.'s Minnesota facility when she attempted to return from a medical leave. Maxim Health Services, Inc. refused to allow her to return to work, purportedly because it believed that she would or might suffer side effects from treatment for the cancer. Maxim Healthcare Services, Inc. failed to engage in an interactive process to consider whether any reasonable accommodations were necessary or were available to enable Whitledge to perform the essential functions of her position, but instead, terminated Ms. Whitledge's employment because of her disability.

9. Anne Whitledge died in August 2010.

10. The effect of the practices complained of in paragraph 8 above were to deprive Ms. Whitledge of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

11. The unlawful employment practices complained of in paragraph 8 were intentional.

12. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Anne Whitledge.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Maxim Healthcare Services, Inc., its officers, successors, assigns, and all persons in active concert or participation with it, from terminating persons because of their disabilities, or failing to engage persons with disabilities in the interactive process to identify reasonable accommodations, or failing to provide persons with reasonable accommodations, and/or engaging in any other employment practice which discriminates on the basis of disability.

B. Order Defendant Maxim Healthcare Services, Inc. to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Maxim Healthcare Services, Inc. to make whole Anne Whitledge, or her duly appointed estate or representative, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, including but not limited to damages flowing from the loss of life insurance coverage for Whitledge and/or her husband, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Maxim Healthcare Services, Inc. to make whole Anne Whitledge, or her duly appointed estate or representative, by providing compensation for

past pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant Maxim Healthcare Services, Inc. to make whole Anne Whitledge or her duly appointed estate or representative by providing compensation for past nonpecuniary losses resulting from the unlawful practices complained of above, in amounts to be determined at trial.

F. Order Maxim Healthcare Services, Inc. to pay punitive damages to Anne Whitledge or her duly appointed estate or representative in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

> EQUAL EMPLOYMENT
> OPPORTUNITY COMMISSION
>
> P. David Lopez
> General Counsel
>
> James Lee
> Deputy General Counsel

                                        Gwendolyn Young Reams
                                        Associate General Counsel

                                        1801 L Street N.W.
                                        Washington, DC  20507

Date:  September 21, 2010            s/John C. Hendrickson
                                        Regional Attorney

Date:  September 21, 2010            s/Jean P. Kamp
                                        Jean P. Kamp
                                        Associate Regional Attorney

                                        Chicago District Office
                                        500 West Madison Street, Suite 2000
                                        Chicago, IL  60661
                                        (312) 353-8551

Date:  September 21, 2010            s/Laurie A. Vasichek
                                        Laurie A. Vasichek (#0171438)
                                        Senior Trial Attorney

                                        Minneapolis Area Office
                                        330 Second Avenue South, Suite 720
                                        Minneapolis, MN  55401
                                        (612) 335-4061
                                        Facsimile:  (612) 335-4044